UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL WILCOX,

    Plaintiff,

v.                                                                Case No. 1:04-CV-16

WILLIAM D. NELSON, M.D.,                          HON. GORDON J. QUIST
et al.,

    Defendants.
    _____/

## ORDER

The court dismissed plaintiff's suit on August 31, 2004. The matter is now before the court on plaintiff's motion to alter or amend the court's order dismissing this case pursuant to Fed. R. Civ. P. 59(e) (docket no. 47) and his motion to amend complaint (docket no. 59).

**I.**    **Plaintiff's Rule 59(e) motion**

Motions to alter or amend a judgment under Rule 59(e) may be granted if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice. *GenCorp v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). A Rule 59(e) motion is not intended to give a party an opportunity to re-argue a case, and parties should not use such motions to raise arguments which could have been made before judgment was issued. *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998). "[M]ere disagreement does not support a Rule 59(e) motion." *Hutchinson v. Staton*, 994 F.2d 1076, 1082 (4th Cir. 1993). "[W]here the movant is attempting to obtain a complete reversal of the court's judgment by offering essentially the same arguments presented on the original motion, the proper vehicle for relief is an appeal." *Keweenaw Bay v. State of Mich.*, 152 F.R.D. 562, 563 (W.D. Mich. 1992).

### A. Retaliation claim

First, plaintiff contends that the court used the wrong standard in dismissing his retaliation claim. Rule 59(e) Motion at ¶ 3. Specifically, he maintains that the court did not utilize an objective standard in determining that defendants retaliated against plaintiff. Contrary to plaintiff's contention, the court utilized the appropriate objective standard for a retaliation claim as set forth in *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (including requirement that the alleged adverse action "would deter a person of ordinary firmness from continuing to engage in that conduct"). *See* Opinion (Aug. 31, 2004) at 9-11.

### B. Factual issue

Next, plaintiff contends that the court misstated the facts as set forth in a March 10, 2003, nursing note. Rule 59(e) Motion at ¶ 4. In the August 31, 2004, opinion, the court observed that:

> Plaintiff's medical records contain four entries questioning his need for special accommodations. On March 10, 2003, a nurse noted that plaintiff was seen ambulating to health services for medicine without the use of a wooden cane. MDOC Bureau of Health Care progress notes at p. 64. At that time, plaintiff appeared to have adequate support without the cane and appeared to ambulate without difficulty. *Id.* On March 23, 2003, there were two reports that plaintiff was seen ambulating briskly on the track without any apparent difficulty. *Id.* at 62.
>
> On March 27, 2003, Dr. Nelson noted that plaintiff was "observed by custody to be walking briskly on track without his cane with no apparent pain or disability. Will review accommodations and meds." *Id.* at 63. Dr. Nelson made the following entry on April 1, 2003:
>
>> [Plaintiff] called to medical services to confiscate cane. Inmate was observed by custody walking the track without his cane. Inmate was angered and threatened to sue, but relinquished the cane. As he left the medical services building I observed his ambulation. By the time he reached the control center, he was taking full strides without any limp.

Opinion (Aug. 31, 2004) at 6.

The August 31, 2004, opinion stated that on March 10, 2003, plaintiff was seen ambulating to the health services without the use of a wooden cane; the nurse's notes state that plaintiff was seen

ambulating to health services <u>with</u> the use of a wooden cane. Nevertheless, this error does not change the resolution of the case. The court cited these entries to demonstrate that different individuals observed plaintiff ambulate without special accommodations. Three other entries in the medical record (two on March 23rd and one on April 1st) indicate that plaintiff was observed to ambulate without a cane and without difficulty. In addition, a nurse's note from March 12, 2003, states that plaintiff was "ambulatory with limp, but not using cane." Progress notes at p. 64.

    C.    **Credibility judgments**

Next, plaintiff contends that the trial court made credibility determinations contrary to Fed. R. Civ. P. 56(c) and usurped the role of the factfinder when it adopted defendant Nelson's affidavit over those submitted by plaintiff. Rule 59(e) Motion at ¶ 5. Specifically, plaintiff contends that a factual issue exists with respect to whether defendant Nelson stripped him of his previously prescribed medical equipment without an examination of any kind. *Id.* Plaintiff's contention is without merit.

The court addressed the issue of Dr. Nelson's examination as follows:

> While a factual issue may exist as to the extent of Dr. Nelson's April 1, 2003 examination of plaintiff's back, it is undisputed that the doctor observed plaintiff on April 1st and that plaintiff met with the doctor on that date and relinquished his cane. Even if the doctor performed an inadequate examination of plaintiff on April 1st, such an examination would not give rise to an Eighth Amendment claim. At most, plaintiff has alleged a cause of action for negligence against Dr. Nelson rather than deliberate indifference to a serious medical need. A difference of opinion for medical treatment is not a basis for an Eighth Amendment claim. [*Farmer v. Brennan*, 511 U.S. 825, 835 (1994).] [FN 3]
>
>                               \* \* \*
>
> [FN 3]. Plaintiff has submitted copies of additional medical evidence, consisting of a memo from the AMF pain management committee dated May 25, 2004 and a medical detail from AMF dated June 29, 2004 giving plaintiff a bottom bunk, cane and back brace. This evidence includes diagnostic studies performed in November 2003 and March 2004, many months after Dr. Nelson canceled plaintiff's accommodations. In addition, the review of this matter by the pain management committee indicates that there was a difference of opinion regarding plaintiff's medical condition. For example, there is no recommendation for issuance of a TENS unit.

Opinion (Aug. 31, 2004) at 8.

3

Plaintiff alleged in his grievance and complaint that he was "seen" by Dr. Nelson on April 1, 2003. Complaint at ¶ 14; Grievance LRF 03-04-525-12D4. Viewing the evidence in the light most favorable to plaintiff, *see McLean v. 988011 Ontario Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000), the court properly concluded that plaintiff had not demonstrated an Eighth Amendment violation. Plaintiff's claim that he was "seen" but not "examined" by Dr. Nelson raises an issue regarding the scope of plaintiff's interaction with the doctor. As the court discussed in its opinion, this scenario raised, at most, a question of negligence in the diagnosis or treatment plaintiff's condition rather than a constitutional violation for deliberate indifference to a serious medical need. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (mere negligence in diagnosing or treating a medical condition does not constitute an Eighth Amendment violation). Accordingly, there was no clear error of law in the court's original decision of this issue.

### D. Pain management committee

Next, plaintiff contends that the court incorrectly interpreted the pain management committee's failure to provide him with a TENS unit as evidence that he did not need a TENS unit. Rule 59(e) Motion at ¶ 6. As set forth above, the court cited the pain management committee's decision to point out that a difference of opinion existed with respect to the treatment of plaintiff's medical condition. Viewing the evidence in the light most favorable to plaintiff, the court properly concluded that while plaintiff may have a claim sounding in negligence, he did not have an Eighth Amendment claim against defendants. There is no clear error in the court's decision of this issue.

### E. Defendant Gargus

Finally, plaintiff contends that defendant Gargus is not entitled to qualified immunity on the retaliation claim. Rule 59(e) Motion at ¶ 7. Plaintiff states that "[t]he Court's attempt to couch the

4

claim into something other than a First Amendment context was error." *Id.* Plaintiff's argument is difficult to decipher. Plaintiff's complaint included an Eighth Amendment claim that he "has a serious medical need that these defendants have been deliberately indifferent to." Complaint at ¶¶ 1, 15. In his present motion, plaintiff concedes that defendant Gargus' alleged false report did not violate the Eighth Amendment. Rule 59(e) Motion at ¶ 7. Contrary to plaintiff's contentions, the court did not find that defendant Gargus had qualified immunity on the First Amendment retaliation issue. Rather, the court found that the complaint did not state a cause of action for retaliation. Opinion (Aug. 31, 2004) at 10-11. Accordingly, plaintiff's rule 59(e) motion (docket no. 47) is DENIED.

## II.    Plaintiff's Motion to Amend

Next, plaintiff moves to amend his complaint. Fed. Rules Civ. Proc. 15(a) provides that a party may amend a pleading upon leave of court and "that leave shall be freely given when justice so requires." Plaintiff claims that the court should re-instate his suit and allow him to amend his complaint, because justice requires amendment "where these defendants conspired to retaliate and strip plaintiff of all medical care leaving plaintiff to suffer needlessly for months." Plaintiff's Brief in support of motion to Amend. Plaintiff has not presented a proposed amendment, explained to the court how he intends to amend his complaint, or shown good cause for an amendment. Rather, plaintiff's motion to amend simply asks that "[l]eave should be granted freely to allow plaintiff to correct any perceived defects in the original complaint or so that the pleadings conform to the evidence." Motion to amend at ¶ 7.

Justice does not require the amendment of the complaint when plaintiff has failed to provide the court with the substance of the proposed amendments. *See Roskam Baking Co. v. Lanham Mach. Co.*, 288 F.3d 895, 906 (6th Cir. 2002) (implicit in Rule 15(a) "is that the district court must be able

to determine whether 'justice so requires,' and in order to do this, the court must have before it the substance of the proposed amendment"). Petitioner's motion is nothing more than a request to re-instate his dismissed claims against defendants. Accordingly, plaintiff's motion to amend (docket no. 59) is DENIED.

**IT IS SO ORDERED.**


Dated: July 11, 2005                                          /s/ Gordon J. Quist
                                                          GORDON J. QUIST
                                                          UNITED STATES DISTRICT JUDGE